JOHN COREY *v.* STATE OF CONNECTICUT.

MALTBIE, C. J., HINMAN, AVERY and JENNINGS, Js.[1]

Argued October 10—decided November 8, 1939.

*A. A. Washton,* and *Samuel A. Bithoney* of the Massachusetts bar, for the appellant (plaintiff).

*Arthur M. Brown,* state's attorney, for the appellee (the state).

[1] By agreement of counsel the case was argued before and decided by four judges.

MALTBIE, C. J. This is a petition for a new trial in a criminal action in which the plaintiff had been found guilty of the crime of robbery while armed. The substantial grounds for relief claimed by him as stated in his brief are that he was not present during the selection of the jury on the original trial; that while in the court room he was so placed that he could not see or hear the witnesses who testified against him; that the public defender who represented him was not afforded a reasonable opportunity to prepare his defense; and that he did not have a fair trial because of the presence in and about the court room of fourteen policemen, because he was kept shackled to another prisoner, and because a hostile public sentiment toward him improperly influenced the jury. Passing the question whether these are proper grounds for a petition for a new trial, all having been open to the plaintiff upon an appeal from the judgment in the original action, the claims, with one exception, find no support in the finding and, indeed, most of them are directly negatived by it; nor in the absence of the evidence could we correct or add to it.

It is true that the plaintiff introduced in evidence in support of his claim that he could not see or hear the witnesses, two photographs of the court room; but, in view of the great possibility of distortion of perspective in photographs, they cannot prevail over the court's express finding that the plaintiff could see and hear each witness against him. It does appear in the finding that during most of the trial the plaintiff sat in the prisoner's pen, handcuffed to one Dirga, who was jointly charged with him. While it is undoubtedly true that one accused of crime should not be shackled while on trial unless there is reasonable necessity for doing so, it is not a violation of his rights if there is a reasonable ground to anticipate that otherwise he may do violence

or escape. *McPherson* v. *State,* 178 Ind. 583, 585, 99 N. E. 984; *State* v. *Allen,* 45 W. Va. 65, 68, 30 S. E. 209; 16 C. J., p. 819. That this was not the situation in this case we cannot know because the finding is silent upon the matter. The trial court has expressly found that at no time during the trial did the plaintiff make any complaint to his attorney that he was deprived of any right or was being treated unfairly; and it would be strange if now he could claim a new trial on grounds which, had they been advanced in the trial court, might well have resulted in relief being accorded him against the procedure of which he complains.

The only other error assigned is the exclusion by the trial court upon the hearing of this petition of a copy of an affidavit purporting to have been made by Dirga stating that the plaintiff was not present at the commission of the crime. It is not necessary to justify the trial court's ruling, because no harm was done to the plaintiff by the exclusion of the paper. Even if it had been admitted it could not properly have been ground for a new trial, because it is found that Dirga was present at the original trial and that he was not called as a witness for the plaintiff solely because the latter's attorney believed that his testimony would be damaging. It is settled law that a new trial will not be granted in order to enable the petitioner to call as a witness one whom he had the opportunity to put upon the stand at the original trial. *Jobbes* v. *State,* 125 Conn. 286, 289, 5 Atl. (2d) 21; *Salinardi* v. *State,* 124 Conn. 670, 672, 2 Atl. (2d) 212.

There is no error.

In this opinion the other judges concurred.