COMMONWEALTH *vs.* GEORGE W. AGIASOTTELIS
(and a companion case against the same defendant).

Norfolk.  April 2, 1957. — May 6, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Evidence*, Competency, Relevancy and materiality.  *Practice, Criminal*, Discretionary control of evidence; Requests, rulings and instructions; Guarding of defendant in court room.  *Robbery.  Larceny.*

There was no prejudice to the defendant at a criminal trial in the admission of testimony of a witness that "as a result of" a conversation he had with a third person he did certain things.  [14]
At the trial of indictments for robbery while armed and for larceny of an automobile, there was no error in the admission in evidence of cer-

tain locks from an abandoned stolen automobile, which could be found to have been used in the robbery, in view of evidence that a key found on the defendant after he was captured fitted the locks. [14]

At a criminal trial, expert testimony that morphine would not be given to an unconscious patient was relevant to corroborate testimony that the defendant at a hospital after his capture was conscious at a time when he was given an injection of morphine near a time when he refused to give his name and address. [14–15]

It was within the judge's discretion at a criminal trial to reopen the case after the Commonwealth and the defendant had rested to receive further evidence, not in rebuttal, offered by the Commonwealth. [15]

Verdicts of guilty of armed robbery and of larceny of an automobile against a defendant were warranted by evidence that three men robbed a bank by threat of arms on a certain morning and escaped in a stolen automobile, that the defendant was captured soon after the robbery while trying to escape across a nearby golf course, and that he then made certain statements construable as admissions or as indicating consciousness of guilt and had on his person a key fitting the locks on the stolen automobile, which was found abandoned not far from the golf course, and was wearing garments like those worn by one of the bank robbers of similar stature and appearance. [15]

There was no error at the trial of an indictment in the judge's refusal to give certain instructions requested by the defendant where the subject matter of the requested instructions was adequately covered in the charge. [15–16]

At a trial for armed robbery where the defendant was kept manacled except when he was testifying, no abuse of discretion was shown in a refusal of the judge to order the manacles removed, followed by instructions to the jury that the defendant was not to be "hurt" by the fact that they saw him manacled and saw "certain protective measures taken in the court room." [16–17]

Two INDICTMENTS, found and returned on September 7, 1956.

The cases were tried in the Superior Court before *Fairhurst*, J.

In this court the cases were submitted on briefs.

*Leonard Mullen, Jr.*, for the defendant.

*J. Blake Thaxter, Jr., & Edward H. Libertine*, Assistant District Attorneys, for the Commonwealth.

CUTTER, J. The defendant was found guilty upon indictments charging him with robbery while armed (G. L. [Ter. Ed.] c. 265, § 17, as appearing in St. 1952, c. 406, § 1) and with larceny of an automobile (G. L. [Ter. Ed.] c. 266,

§ 28). The trial was subject to the provisions of G. L. (Ter. Ed.) c. 278, §§ 33A–33G, inclusive, as amended. The cases are here upon the defendant's appeals, a summary of the record, a transcript of the testimony, and various assignments of error, and were submitted on briefs.

The first five assignments of error cannot in any real sense be said to have been argued (within the meaning of Rule 13 of the Rules for the Regulation of Practice before the Full Court [1952], 328 Mass. 698) in the defendant's brief. In effect, the assignments of error are merely restated in the brief without amplification or any citation of authorities. The transcript of the evidence, however, has been carefully examined. Even if it be assumed that the first five assignments have been argued, there is no merit in any of them.

Assignment 1. It is assigned as error that testimony of one Tupper was admitted to the effect that, "as a result of" a conversation he had with a third person, he did certain things. The witness was not permitted to give the details of any conversation and the testimony was not prejudicial. *Commonwealth* v. *Moulton,* 4 Gray, 39, 40. *Commonwealth* v. *Feci,* 235 Mass. 562, 567, and cases cited. See *Sampson* v. *Sampson,* 223 Mass. 451, 458–459; *Freeman* v. *Freeman,* 238 Mass. 150, 161.

Assignment 2. It is assigned as error that the trial judge admitted in evidence certain locks from an abandoned stolen automobile, which the jury could have found had been used in the bank robbery here under discussion. A key found on the defendant after he was captured fitted the locks. This sufficiently linked the locks with the defendant.

Assignment 3. A nurse, qualified as an expert, who treated the defendant in the hospital, after he was captured, was permitted to testify that morphine would not be given to an unconscious patient. There was testimony that the defendant was given morphine. The testimony was relevant in corroboration of the nurse's testimony that the defendant was conscious at the time of the injection near the time when, according to the testimony, he refused to

give his name and address, in itself some indication of consciousness of guilt.

Assignment 4. Exception was taken to the reopening of the cases, after the Commonwealth and the defendant had rested, to receive further evidence (not merely in rebuttal of other testimony) offered by the Commonwealth. This was within the trial judge's discretion. *Commonwealth* v. *Wood,* 302 Mass. 265, 267–268, and cases cited. *Commonwealth* v. *Cataldo,* 326 Mass. 373, 377.

Assignment 5. This assignment relates to the refusal of the trial judge to direct verdicts of not guilty for the defendant. There was evidence from which the jury could find the following facts beyond a reasonable doubt. Three men robbed a Quincy bank of a substantial sum of money, by threat of arms, on the morning of May 11, 1956, and escaped in a stolen green automobile bearing license plate numbered 800,672. The defendant was captured that morning, very shortly after the robbery. He was shot by a police officer while trying to escape across a nearby golf course on the golf club's motor tractor, which the defendant had wrongfully taken. When captured, the defendant made certain statements which could be construed as admissions or as indicating consciousness of guilt. He also (a) had on his person a key which fitted the locks on the green automobile bearing license plate 800,672, found abandoned not far from the golf course, and (b) was wearing garments and other articles like those worn by one of the bank robbers of similar stature and appearance. The verdicts were clearly warranted by the evidence.

Assignment 6. This assignment relates to the trial judge's refusal to give certain instructions. Requested instruction numbered 1 related to the presumption of innocence. The instructions given by the trial judge on this point, in words approved in *Commonwealth* v. *De Francesco,* 248 Mass. 9, 13 (see *Commonwealth* v. *Venuti,* 315 Mass. 255, 259–260), were sufficiently favorable to the defendant under our decisions. *Commonwealth* v. *Barber,* 261 Mass. 281, 290–291. *Commonwealth* v. *Devlin,* 335 Mass. 555, 569. Other requested in-

structions directed to the quantity of proof required in criminal cases of this character were adequately covered, to the extent that they were appropriate, by the judge's very clear charge on the whole subject of proof beyond a reasonable doubt where the evidence was circumstantial. See *Commonwealth* v. *Goodwin*, 14 Gray, 55, 56–57; *Commonwealth* v. *Russ*, 232 Mass. 58, 68; *Commonwealth* v. *Grieco*, 323 Mass. 639, 642. See also *Commonwealth* v. *Connolly*, 308 Mass. 481, 497; *Commonwealth* v. *Farrell*, 322 Mass. 606, 619–620.

During the trial, except when he was testifying, the defendant was kept manacled. The defendant's attorney brought this to the attention of the trial judge. The judge declined to order that the manacles be removed, but suggested that counsel bring the matter to his attention when he instructed the jury. No exception was taken to this ruling, so no matter is before us requiring our decision. *Commonwealth* v. *Bellino*, 320 Mass. 635, 644, certiorari denied sub nomine *Bellino* v. *Massachusetts*, 330 U. S. 832. The judge properly instructed the jury in some detail with respect to this matter, saying among other things that the fact that the defendant had been seen "with handcuffs on him is not to hurt him in any way . . . and he is not to be hurt . . . because you see certain protective measures taken in the court room."

It is, of course, desirable, whenever possible, to avoid shackling a prisoner during his trial. *Odell* v. *Hudspeth*, 189 Fed. (2d) 300, 302–303 (C. A. 10), certiorari denied 342 U. S. 873. *DeWolf* v. *Waters*, 205 Fed. (2d) 234, 235 (C. A. 10), certiorari denied 346 U. S. 837. See also *Blaine* v. *United States*, 136 Fed. (2d) 284 (C. A. D. C.); *Corey* v. *State*, 126 Conn. 41, 42–43; *People* v. *Mendola*, 2 N. Y. (2d) 270. However, a judge properly should be reluctant to interfere with reasonable precautions which a sheriff deems necessary to keep secure prisoners for whose custody he is responsible and, if a judge fails to require removal of shackles, his exercise of a sound discretion will be sustained. *Commonwealth* v. *Millen*, 289 Mass. 441, 477–478, establishes the

applicable rule of law in this Commonwealth. See *Seadlund
v. United States*, 97 Fed. (2d) 742, 748 (C. C. A. 7).

Here the defendant was charged with a crime of violence
while armed. He was apprehended at pistol point. Persons
unknown, alleged to have been confederates of his, were
still at large. The judge might reasonably have regarded
the sheriff as thoroughly justified in keeping the prisoner
shackled to reduce risk of an attempt at escape and possible
injury to bystanders.

*Judgments affirmed.*