# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 6, 2010 Session

## AMANDA ELLIOTT v. R. MICHAEL COBB

**Interlocutory Appeal from the Circuit Court for Madison County**
**No. C-05-436       Donald H. Allen, Judge**

---

**No. W2009-00961-SC-S09-CV - Filed September 23, 2010**

---

The issue presented in this interlocutory appeal is whether a plaintiff in a medical malpractice action is prohibited from arguing or suggesting to the jury any monetary amounts for non-economic damages. We hold that the language of Tennessee Code Annotated section 29-26-117 (2000) prohibits the plaintiff from disclosing the amount of damages requested in the plaintiff's pleading, but does not preclude the plaintiff from arguing or suggesting monetary amounts for non-economic damages to jurors at trial. The judgment of the trial court is reversed, and this case is remanded for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court Reversed; Case Remanded to the Circuit Court for Madison County**

SHARON G. LEE, J., delivered the opinion of the Court, in which JANICE M. HOLDER, C.J., CORNELIA A. CLARK and GARY R. WADE, JJ., joined. WILLIAM C. KOCH, JR., J., filed a separate concurring opinion.

Jeffrey P. Boyd and Laura Ann Elizabeth Bailey, Jackson, Tennessee, for the appellant, Amanda Elliott.

Marty R. Phillips, Michelle Greenway Sellers, and Ashley D. Cleek, Jackson, Tennessee, for the appellee, R. Michael Cobb, M.D.

John A. Day, Brandon E. Bass, and Wayne A. Ritchie, Nashville, Tennessee, for the Amicus Curiae, Tennessee Association for Justice.

David L. Steed, Nashville, Tennessee, for the Amicus Curiae, Tennessee Medical Association.

## OPINION

### I.

This appeal arises out of a medical malpractice action brought by Amanda J. Elliott against her surgeon, Dr. Michael R. Cobb. Before trial, Dr. Cobb filed a motion in limine requesting that the trial court prohibit Ms. Elliott from disclosing to the jury "the amount [of] damages sought in this case or making any statements concerning the ultimate monetary worth of this action or stating any amount for any element of non-economic damages."[1] The trial court granted Dr. Cobb's motion and entered an order prohibiting Ms. Elliott from making "any reference or suggestion at any point in the trial to any specific sum for any element of non-economic damage or the ultimate monetary worth of the action."

The trial court granted Ms. Elliott's application for permission to file an interlocutory appeal on the issue of whether the motion in limine was correctly granted. The Court of Appeals denied her interlocutory appeal, and Ms. Elliott appealed to this Court. See Tenn. R. App. P. 9(c). We granted Ms. Elliott's application in order to address the issue of whether Tennessee Code Annotated section 29-26-117, which provides in part that "[i]n a medical malpractice action the pleading filed by the plaintiff may state a demand for a specific sum, but such demand shall not be disclosed to the jury during a trial of the case," prohibits a plaintiff from arguing or suggesting any monetary amounts for non-economic damages or the ultimate monetary worth of the action to the jury in a medical malpractice case.

### II.

In Tennessee, counsel for civil litigants are allowed to:

(1) "read the counsel's entire declaration, including the amount sued for, to the jury at the beginning of the lawsuit, and may refer to the declaration in argument or summation to the jury," Tenn. Code Ann. § 20-9-302 (2009), and

(2) "argue the worth or monetary value of pain and suffering to the jury; provided, that the argument shall conform to the evidence or reasonable deduction from the evidence in such case." Tenn. Code Ann. § 20-9-304 (2009).

---

[1] "Non-economic damages" include "pain and suffering, permanent impairment and/or disfigurement, and loss of enjoyment of life – both past and future." Overstreet v. Shoney's, 4 S.W.3d 694, 715 (Tenn. Ct. App. 1999); see also Health Cost Controls, Inc. v. Gifford, 239 S.W.3d 728, 733 (Tenn. 2007); Palanki v. Vanderbilt Univ., 215 S.W.3d 380, 388 (Tenn. Ct. App. 2006).

In medical malpractice cases, the first of these general rules was modified with the enactment of the Medical Malpractice Review Board and Claims Act of 1975.[2] The section of the Act at issue here provides: "In a medical malpractice action the pleading filed by the plaintiff may state a demand for a specific sum, but such demand shall not be disclosed to the jury during a trial of the case; notwithstanding the provisions of § 20-9-302[3] to the contrary." Tenn. Code Ann. § 29-26-117 (originally codified as § 23-3416).[4]

Ms. Elliott and amicus curiae Tennessee Association for Justice argue that Tennessee Code Annotated section 20-9-304, which provides that "[i]n the trial of a civil suit for personal injuries, counsel shall be allowed to argue the worth or monetary value of pain and suffering to the jury . . . ," applies in any civil case, including a medical malpractice case. They submit that in a medical malpractice action, the plain and unambiguous language of section 29-26-117 prohibits either party from disclosing to the jury *only* the monetary amount of the demand in the plaintiff's complaint (also known as the ad damnum clause),

---

[2] The General Assembly in 1985 repealed sections 29-26-101 to 29-26-114, including the title, and no new title was substituted. See Act of April 8, 1985, ch 184, § 4(c), 1985 Tenn. Pub. Acts 340, 341.

[3] Tennessee Code Annotated section 20-9-302 (2009) provides that "[i]n the trial of any civil suit, counsel shall be permitted to read the counsel's entire declaration, including the amount sued for, to the jury at the beginning of the lawsuit, and may refer to the declaration in argument or summation to the jury."

[4] Tennessee has joined a number of states that have enacted provisions relating to the ad damnum clause in medical malpractice cases. See Ala. Code § 6-5-483 (2005) (providing that "[t]he ad damnum clause in complaints alleging medical liability shall be eliminated" but allowing attorneys to request or suggest a specific sum during trial); Alaska Stat. § 09.55.547 (2008) (barring ad damnum clauses in medical malpractice complaints); Ariz. Rev. Stat. Ann. § 12-566 (2003) (providing that "no dollar amount or figure shall be included in the complaint" for medical malpractice); Ark. Code Ann. § 16-114-205 (2006) (providing that pleading in medical malpractice cases "shall not specify the amount of damages claimed"); Cal. Civ. Proc. Code § 425.10 (2004) (barring ad damnum clauses in all actions for personal injury or wrongful death); Me. Rev. Stat. Ann. tit. 24, § 2901 (2000) (providing that "[n]o dollar amount or figure shall be included in the demand in any malpractice complaint"); Mass. Gen. Laws Ann. ch. 231, § 60C (West 2000) (barring ad damnum clauses in medical malpractice complaints); N.H. Rev. Stat. Ann. § 507-C:6 (2010) (barring ad damnum clauses in medical practice complaints and prohibiting the amount of damages claimed from being "communicated to the jury in argument or otherwise") (*held unconstitutional on other grounds by* Carson v. Maurer, 424 A.2d 825 (N.H. 1980)); N.M. Stat. Ann. § 41-5-4 (West 1996) (providing that "no dollar amount or figure shall be included in the demand in any complaint asserting a malpractice claim"); Tex. Civ. Prac. & Rem. Code Ann. § 74.053 (Vernon 2005) (barring ad damnum clauses in medical malpractice cases but allowing parties to "mention[] the total dollar amount claimed in . . . argument to the court or jury"); Utah Code Ann. § 78B-3-409 (2008) (providing that "[a] dollar amount may not be specified in the prayer of a complaint filed in a malpractice action"); W. Va. Code Ann. § 55-7B-5 (2008) (providing that "no specific dollar amount or figure may be included in the complaint" for medical professional liability action); Wis. Stat. Ann. § 655.009 (West 2004) (providing that the complaint in a malpractice action "shall not specify the amount of money to which the plaintiff supposes to be entitled").

and that the trial court's expansive interpretation prohibiting the plaintiff from arguing or suggesting any monetary amounts for non-economic damages such as pain and suffering, loss of enjoyment of life, and permanent impairment or disfigurement, at trial was unwarranted.

Dr. Cobb and amicus curiae Tennessee Medical Association argue that the trial court's interpretation should be upheld because allowing a plaintiff to argue the monetary value of non-economic damages would circumvent the intention of the legislature in enacting section 29-26-117. Secondly, Dr. Cobb argues that section 29-26-117 (applying to medical malpractice actions) is more specific than the general provisions of section 20-9-304 (applying to all civil lawsuits for personal injuries), and to the extent the sections conflict, the specific section 29-26-117 should control.

The issue before us involves what plaintiff's counsel may argue to the jury regarding damages. Trial courts have wide latitude with regard to their control of arguments of counsel. Crowe v. Provost, 374 S.W.2d 645, 652 (Tenn. Ct. App. 1963); Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App. 394, 404, 1928 WL 2030, at *7 (1928). These decisions lie within the trial court's discretion. Ferguson v. Moore, 39 S.W. 341, 343 (Tenn. 1897); Davis v. Hall, 920 S.W.2d 213, 217 (Tenn. Ct. App. 1995); J. Avery Bryan, Inc. v. Hubbard, 225 S.W.2d 282, 287 (Tenn. Ct. App. 1949). Accordingly, we review the trial court's decision regarding jury argument using the "abuse of discretion" standard. A trial court abuses its discretion by "(1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." Lee Medical, Inc. v. Beecher, 312 S.W.3d 515, 524 (Tenn. 2010).

During arguments to the jury, counsel may argue their analysis of the evidence that has been presented at trial. Skoretz v. Cowden, 707 S.W.2d 529, 533 (Tenn. Ct. App. 1985); Rogers v. Murfreesboro Hous. Auth., 365 S.W.2d 441, 446 (Tenn. Ct. App. 1962). However, statements and arguments of counsel are neither evidence nor a substitute for testimony. Metropolitan Gov't of Nashville and Davidson County v. Shacklett, 554 S.W.2d 601, 605 (Tenn. 1977); Hathaway v. Hathaway, 98 S.W.3d 675, 681 (Tenn. Ct. App. 2002).

Although this Court has not previously addressed the issue presented here, the application of Tennessee Code Annotated section 29-26-117 has been addressed in dicta in a few cases. In Runnells v. Rogers, 596 S.W.2d 87, 91 (Tenn. 1980), the amount of the ad damnum clause was disclosed to the jury, and this Court stated that "[a]ssuming, but not deciding, the validity of this portion of the law, the error, if any, was harmless beyond doubt" where the verdict was for $1,224.48 and the amount sued for was $25,000. In Guess v. Maury, 726 S.W.2d 906, 918-20 (Tenn. Ct. App. 1986), plaintiffs' counsel referred to the case as "possibly a multi-million-dollar lawsuit" in his closing argument to the jury, despite the trial court's prior specific ruling disallowing any reference to any amount of money

sought in the lawsuit. The <u>Guess</u> court ruled that the plaintiff's counsel clearly violated the trial court's instructions and that "to some degree the labeling of this litigation as a 'multi-million-dollar lawsuit' likely had its effect upon the jury." <u>Id.</u> Although the court concluded that this was "yet another collective reason for a new trial," the issue of whether the plaintiff was precluded from making any reference to monetary amounts sought in the lawsuit was not at issue on appeal, and therefore the <u>Guess</u> court's observations regarding that ruling were merely dicta. <u>Id.</u> at 920. In <u>DeMilt v. Moss</u>, No. 02A01-9611-CV-00283, 1997 WL 759440, at *7 (Tenn. Ct. App. Dec. 10, 1997),[5] plaintiff's counsel stated in closing argument, "well for those four years I think she ought to have $50,000.00 a year." The ad damnum clause in plaintiff's complaint had requested ten million dollars in damages. <u>Id.</u> at *8. The Court of Appeals found counsel's statement likely had an effect on the jury's award and was "a further reason" for granting a new trial. <u>Id.</u> Again, as in <u>Guess</u>, the issue of the propriety of the plaintiff's argument of non-economic damages was not before the court.

In construing statutes, the Court's role is well established – we seek to ascertain the legislative intent and purpose by examining the natural and ordinary meaning of the words used in a statute "without unduly restricting or expanding a statute's coverage beyond its intended scope." <u>Limbaugh v. Coffee Med. Ctr.</u>, 59 S.W.3d 73, 83 (Tenn. 2001). "Our approach to statutory construction begins with the statute's language, and if it can end there – with our finding of a clear meaning of the Legislature's intent – then we must stop. . . . [w]ith no recourse to the broader statutory scheme, legislative history, historical background, or other external sources of the Legislature's purpose." <u>Calaway ex rel. Calaway v. Schucker</u>, 193 S.W.3d 509, 516 (Tenn. 2005); <u>see also</u> <u>Lee Medical, Inc. v. Beecher</u>, 312 S.W.3d 515, 527 (Tenn. 2010) ("When a statute's text is clear and unambiguous, the courts need not look beyond the statute itself to ascertain its meaning.").

Applying these rules of statutory construction, we find the language of Tennessee Code Annotated section 29-26-117 is clear and unambiguous. The statute provides that "[i]n a medical malpractice action *the pleading* filed by the plaintiff *may state a demand for a specific sum*, but *such demand* shall not be disclosed to the jury during a trial of the case; notwithstanding the provisions of § 20-9-302 to the contrary." Tenn. Code. Ann. § 29-26-117 (emphasis added). It is clear that "such demand" refers to the "demand for a specific sum" stated by the plaintiff's pleading. Section 29-26-117 precludes either party from disclosing only the amount demanded in "the pleading filed by the plaintiff." The General Assembly obviously correctly observed that section 29-26-117 was in direct conflict with Tennessee Code Annotated section 20-9-302, which provides that "[i]n the trial of any civil suit, counsel shall be permitted to read the counsel's entire declaration, including the amount

_____

[5] Pursuant to Supreme Court Rule 4(G), the unpublished <u>DeMilt</u> opinion is persuasive, not controlling, authority.

sued for, to the jury . . .," and the legislature therefore indicated its intent to repeal section 20-9-302 in medical malpractice cases.

Section 29-26-117 makes no reference to non-economic damages such as pain and suffering. However, Tennessee Code Annotated section 20-9-304 allows plaintiffs to argue the monetary value of a claim for pain and suffering as long as the argument conforms to the evidence or reasonable deduction from the evidence. If the legislature had intended to repeal section 20-9-304 in medical malpractice cases, it easily could have done so, as it did with section 20-9-302. We must "assume that whenever the legislature enacts a provision, it is aware of other statutes relating to the same subject matter." Shorts v. Bartholomew, 278 S.W.3d 268, 277 (Tenn. 2009) (citing Wilson v. Johnson County, 879 S.W.2d 807, 810 (Tenn. 1994)). The new provision is presumed to be in accord with the same policy embodied in the prior statutes unless the newer statute expressly repeals or amends the old one. Id. We must construe statutes on the same subject, although in apparent conflict, in harmony if reasonably possible. In re Akins, 87 S.W.3d 488, 493 (Tenn. 2002). Shorts, 278 S.W.3d at 277; see also State v. Hicks, 55 S.W.3d 515, 523 (Tenn. 2001) (stating that "courts should find repeals by implication only when statutes cannot be construed harmoniously"); Sharp v. Richardson, 937 S.W.2d 846, 850 (Tenn. 1996) (noting that "repeals or alterations of existing statutes by implication [are] disfavored").

We do not find sections 29-26-117 and 20-9-304 to be in conflict. Interpreted in accordance with the clear and unambiguous language of each section, the statutory scheme allows a plaintiff to argue or suggest a monetary value to be placed on non-economic damages such as pain and suffering and to make an argument concerning the ultimate monetary worth of his or her action, but precludes either party from disclosing the amount of the ad damnum clause in the plaintiff's complaint. The United States District Court for the Eastern District of Tennessee has reached the same conclusion. Donathan v. Orthopaedic & Sports Med. Clinic, PLLC, No. 4:07-cv-18, 2009 WL 3584263, at *11 (E.D. Tenn. Oct. 26, 2009) ("Reading these two statutes [sections 29-26-117 and 20-9-304] together, it is apparent that Plaintiffs may argue the worth or monetary value of pain and suffering to the jury, but they may not disclose the specific sum sought in the Amended Complaint.").

To hold otherwise would be to effectively rewrite the statute, adding an additional provision regarding non-economic damages and unduly expanding the scope of the statute. "Courts are not authorized to alter or amend a statute, and must 'presume that the legislature says in a statute what it means and means in a statute what it says there.'" Limbaugh, 59 S.W.3d at 83 (quoting Mooney v. Sneed, 30 S.W.3d 304, 307 (Tenn. 2000)). To the extent that Guess and DeMilt conflict with our holding that Tennessee Code Annotated section 29-26-117 does not prohibit a plaintiff in a medical malpractice case

from arguing or suggesting a monetary valuation for non-economic damages or the ultimate worth of the action to the jury, those cases are overruled.

## III.

The judgment of the trial court is reversed, and the case is remanded to the Madison County Circuit Court for further proceedings consistent with this opinion. Costs on appeal are assessed to the appellee, R. Michael Cobb, M.D., for which execution may issue if necessary.

                _____

                SHARON G. LEE, JUSTICE