IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 13, 2019 Session

**IN RE ESTATE OF PHILIP ROSEMAN, ET AL.**

**Appeal from the Probate Court for Davidson County**
**No. 17P1814, 16P735, 15P1763   David Randall Kennedy, Judge**

_____

**No. M2019-00218-COA-R3-CV**
_____

This appeal originated from three related cases filed in the Probate Court for Davidson County. The issue on appeal relates to attorney's fees and expenses.  Finding no error, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Tyler Chance Yarbro, Nashville, Tennessee, for the appellant, Hal M. Roseman, as Trustee of the Philip Roseman 2012 Irrevocable Gift Trust.

Michael Reed Griffin and David Callahan, III, Nashville, Tennessee, for the appellee, Jean Roseman, individually, and as the Personal Representative of the Estate of Philip Roseman.

**MEMORANDUM OPINION**[1]

## I.  FACTS & PROCEDURAL HISTORY

Prior to discussing the facts, it is important to note that the relevant procedural

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

history for this appeal originated from three related cases filed in the Probate Division of the Circuit Court for Davidson County: (1) a petition to terminate or modify the "Philip Roseman 2012 Irrevocable Gift Trust" (the "Trust case"), (2) a petition to set aside a quitclaim deed transferring the home of Philip Roseman to the trust (the "Deed case"), and (3) probate of the Estate of Philip Roseman. (the "Estate case").

In 2012, Philip Roseman, as Grantor, and his son, Hal Roseman, as Trustee (the "Trustee"), executed the Philip Roseman 2012 Irrevocable Gift Trust (the "Trust"). Immediately thereafter, Philip Roseman executed a quitclaim deed transferring ownership of his home to the Trustee. The home was the only asset placed in the Trust. In 2015, Philip Roseman and his wife, Jean Roseman, filed a petition to terminate or modify the Trust.[2] Six months later, in the same court, Philip Roseman filed a petition seeking to set aside the quitclaim deed.[3] The Trustee filed an answer in both lawsuits, opposing the relief requested.

The Deed case and the Trust case were consolidated for the purposes of discovery. Following discovery, the parties filed cross motions for summary judgment in both the Trust case and the Deed case. The parties' cross motions were heard on August 24, 2017. On September 22, 2017, the trial court entered one order on the parties' competing motions for summary judgment, which was filed in both the Trust case and the Deed case.

As to the Deed case, the trial court held that the quitclaim deed was valid. It granted the Trustee's motion for summary judgment and denied Philip Roseman's motion for summary judgment. Philip Roseman appealed the trial court's judgment as to the Deed case. With respect to the Trust case, the trial court held that the Trust should not be terminated. However, "the trust should be modified to explicitly reflect that Philip Roseman intended to continue to reside in the [h]ome following the execution of the Trust and Quitclaim Deed." The trial court further ordered that the parties "attend mediation in an effort to resolve how the Trust should be modified."

On October 4, 2017, while the appeal in the Deed case was pending before this Court, and before a final order modifying the Trust could be entered in the trial court, Philip Roseman died. An estate was opened, Mrs. Roseman was appointed as Executrix, and the estate was substituted as a party in both the Trust case and the Deed case. On March 2, 2018, the Trustee filed a claim against the estate for $82,444.03 in attorney's fees and expenses incurred in defending the Trust in the two separate lawsuits. The estate filed an exception to the claim, requesting that the claim be dismissed as "no creditor-

---

[2] The relief requested in the Trust case was for the trial court to terminate the Trust and return ownership of the home to Philip Roseman. In the alternative, Philip and Jean Roseman requested the trial court to modify the terms of the Trust by adopting a revised trust document.

[3] Philip Roseman was the sole Petitioner in the Deed case. He requested the deed be set aside arguing, among other things, that he did not understand the legal effect of the Trust and deed.

- 2 -

debtor relationship" existed between the estate and the Trustee. After a hearing, the trial court found it was "premature to make a ruling on Claimant's claim for $82,444.03 for attorneys' fees and expenses incurred in litigating as Trustee of the Trust two (2) pending lawsuits, case numbers 151763 and 16P735." Consequently, the trial court continued the hearing on the claim "indefinitely pending further orders of the Court."

On July 2, 2018, the Court of Appeals entered an order affirming the judgment of the trial court in the Deed case. *See In re Philip Roseman 2012 Irrevocable Gift Tr.,* No. M2017-01994-COA-R3-CV, 2018 WL 3217245, at *6 (Tenn. Ct. App. July 2, 2018). On October 8, 2018, the Trustee filed a motion with the probate court in the Trust Case requesting discretionary costs in the amount of $2,198, to be paid from the Estate of Philip Roseman. On that date, the Trustee also filed motions in the Deed and the Trust cases requesting $85,211.53 paid by the Trustee in attorney fees and costs to be paid from the Estate and/or Jean Roseman, or in the alternative reimbursed from the corpus of the Trust. On November 7, 2018, an order of voluntary nonsuit was entered in the Trust case.

On December 4, 2018, the trial court heard arguments from counsel on the Trustee's motions and the claim against the estate. The trial court issued an oral ruling at the conclusion of the hearing. A written order from the hearing was entered on December 14, 2018. On December 17, 2018, the Trustee filed an objection to the order and submitted an alternative proposed order. The Trustee argued that the order entered on December 14, 2018, did not accurately reflect the oral rulings of the court. On January 7, 2019, the trial court entered the order submitted by the Trustee which stated that it incorporated the oral rulings of the trial judge.[4] However, the transcript was not attached to the order. The trial court denied the Trustee's claim against the estate for attorney's fees and expenses, but it granted the Trustee's claim against the estate in the amount of $2,198 for discretionary costs.[5] It also granted the Trustee's request to "reimburse himself from the corpus of the Trust for attorneys' fees and expenses, [in the amount of $85,211.53,] he incurred in litigating the Trust Case and Deed Case." Furthermore, the trial court denied the Trustee's request to assess any fees or additional costs against the Estate or Jean Roseman.

The Trustee timely filed a notice of appeal, listing all three docket numbers. This Court determined that the order appealed was not final due to noncompliance with Tennessee Rule of Civil Procedure 58. Consequently, we entered a show cause order directing the Trustee to obtain the entry of a final judgment or show cause why the appeal

---

[4] It is unclear from the record whether a hearing was held on the Trustee's objections. It appears the trial court simply modified the title of the Trustee's proposed order and entered it, without any additional hearings.

[5] The parties did not raise any issues on appeal in relation to the discretionary costs awarded against the Estate. Therefore, that issue is not before this Court.

should not be dismissed. The trial court promptly entered an order that complied with Rule 58. Attached to the order was a portion of the transcript from the hearing on December 4, 2018, memorializing the oral rulings of the trial court. The order appealed is now final and appealable.

## II. ISSUES PRESENTED

The appellant presents the following issues, which we have slightly reworded, for review on appeal:

1. Whether the trial court abused its discretion in declining to assess the award of the Trustee's attorney's fees and expenses against the Estate of Philip Roseman and Petitioner, Jean Roseman, individually.

2. Whether the Trustee should be awarded attorney's fees and expenses for this appeal.[6]

In the posture of appellee, Mrs. Roseman seeks an award of attorney's fees for trial and on appeal. For the following reasons, the decision of the probate court is affirmed and remanded for further proceedings, as may be necessary.

## III. DISCUSSION

### *A. Attorney's Fees in the Trial Court*

Initially, the Trustee takes issue with the trial court's denial of his request for attorney's fees. Relying on Tennessee Code Annotated section 35-15-1004(a), the Trustee argued that the trial court had authority to award him his attorney's fees and expenses. The Tennessee Uniform Trust Code addresses the payment of attorney's fees and costs, explaining that:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

Tenn. Code Ann. § 35-15-1004(a). An award under this statute lies in the discretion of the trial court. *In re Willard R. Sparks Revocable Trust 2004*, No. W2017-01497-COA-R3-CV, 2018 WL 6720687, at \*6 (Tenn. Ct. App. Dec. 20, 2018) *perm. app. denied* (Tenn. June 21, 2019) (citation omitted). Therefore, this Court "may reverse the trial court's denial of an award of attorney fees only for an abuse of discretion by the trial

---

[6] We emphasize the narrow issues listed for appeal.

- 4 -

court." *Morrow v. SunTrust Bank*, No. W2010-01547-COA-R3-CV, 2011 WL 334507, at *8 (Tenn. Ct. App. Jan. 31, 2011).

At the hearing on the Trustee's motions and the claim filed against the Estate, the trial court heard oral arguments from counsel and the Trustee offered exhibits detailing his attorney's fees and costs. Neither party presented any additional evidence. The trial court issued an oral ruling, which was later incorporated in the final amended order memorializing the findings of the court. The trial court ordered that the attorney's fees were to be assessed against the Trust. Further, it found that the discretionary costs incurred in the Trust case and the Deed case were to be taxed against the Estate of Philip Roseman. The transcript from the hearing sheds some light into the rationale for the trial court's ultimate conclusion. It provides in relevant part:

> In this particular matter, the Court is comfortable and secure . . . that it is within the discretion of this Court to direct that the trustee in this particular matter reimburse himself from the corpus of the real property as it relates to his attorney's fees. However, the Court is not ignoring the fact that there were two separate lawsuits traveling in this Court: [o]ne, a petition to terminate and/or modify the Philip Roseman 2012 irrevocable trust under 15P1763 which has now been non-suited. And 16P735, a petition to set aside a quitclaim deed, wherein the Court ruled that the deed should not be set aside and wherein the Court was affirmed on appeal.
>
> So the Court is mindful that we had two cases proceeding which were consolidated for discovery purposes in the interest of judicial economy making it incredibly difficult to separate out time expended by counsel when the use of certain . . . matters or certain efforts made were for the benefit of both cases.
>
> The Court notes that the petition to set aside the quitclaim deed in case number 16P735 was an effort by Mr. Roseman, who was the only party to that case, to set aside a transfer of real property which ultimately became the only asset of the trust. So these cases were . . . destined to be interwoven or . . . it was destined that there be interaction between these cases. And it was appropriate that they both be presented in the same Court, . . . it clearly was in the interest of judicial economy. As I look at this matter, however, I do think the Court has some leeway as it relates to discretionary costs. In this matter, it appears that Mr. Roseman lost the appeal. I mean, . . . we tried the case. The deed that . . . he sought to set aside so as to recover his own real property, . . . he did not prevail in that regard. And consequently, the Court of Appeals affirmed . . . the finding of the trial Court, thereby leaving the deeded property in the trust.

- 5 -

It appears to me that, at least to some degree, Mr. Roseman, . . . who was both the grantor under that deed and the settlor of that trust and who is now unfortunately deceased, that Mr. Roseman's estate ought to bear some responsibility for those actions because he was the architect of the lawsuit. He presented the lawsuit. Not Mrs. Roseman, mind you, but Mr. Roseman.

Consequently, . . . I believe the Court has the discretion based on the citations presented and argument of counsel in this case to assess all of the discretionary costs in this matter to the estate of Philip Roseman. And the Court finds that in the claim that was filed which clearly was filed in March for [$]82,444.03, the claim against the estate in that amount is denied. But the motion for discretionary costs which the Court can conclude could indeed be a part of those monies sought will be . . . a valid claim against the estate. So I expect the estate of Philip Roseman could pay the discretionary cost of [$]2[,]198.

I, likewise, want to reemphasize that I don't believe that Mrs. Roseman should bear any responsibility for this except to the extent that it would be a claim against the estate wherein she's a beneficiary. These attorneys' fees in the amount of [$]85,211.53 are fees that the trustee is allowed to reimburse himself from the corpus of the trust. And I recognize that he, his spouse, and/or children are the sole residuary beneficiaries. And I realize that it sounds like the Court's making him reimburse himself out of something that he's going to get but, you know, he's not the only residuary beneficiary. I'm letting him pay himself back from a trust that is intended to benefit his own kids, and I think his spouse too, I believe, if I'm not mistaken. It may take him a while to do that. But I'm going to give him the expressed authority to do that and to pay it from the trust.

Now, if the trust has already been non-suited and the Court has already declared it to be a valid trust and it's still a valid trust, then he has the mechanism with which to do that without a great deal of additional input from this Court.

. . . I think . . . since the property's held in trust and he's the trustee, the Court's judgment that confirms or affirms his authority to do that in the amount of [$]85,211.53 is probably sufficient.. . .

But I'm comfortable in letting him pay himself back from the house and from the trust. I'm also comfortable in taxing those discretionary costs against the estate.

On appeal, the Trustee asserts that the trial court did not consider what "justice and equity may require." *See* Tenn. Code Ann. § 35-15-1004(a). The determination of what constitutes justice and equity is a case-by-case determination, based on the facts and presentation of evidence. Once all evidence has been presented, the trial court has the responsibility to weigh the evidence and reach a conclusion that is justified and equitable. However, in order for the trial court to be able to complete this task, it is the responsibility of the litigants to present evidence that supports their respective positions. Here, the only evidence before the trial court presented by either party was an itemization of attorney's fees, expenses, and costs.[7] Neither party offered any evidence regarding the equities; both relied solely on the oral arguments of counsel.[8]

In this case, Trustee presented no evidence regarding the value of the estate or the Trust, nor was any proof submitted to show any injustice that would occur, should the fees be assessed to the Trust. The trial court, of its own initiative, attempted to ascertain the values of the Trust and estate by questioning counsel for the appellees:

THE COURT: What is the size of value of this estate?

MR. GRIFFIN: I will say --

THE COURT: Do we know what it is at this point?

MR. GRIFFIN: We do. We do know the size and value, but I will say that the house was the largest asset that Mr. Roseman owned at his death.

THE COURT: So in terms of assets passing through -- and I realize Mrs. Roseman and Mr. Roseman . . . had a prenup and all that good stuff. But I mean, what is -- what is the value of the estate? Do you know?

UNIDENTIFIED FEMALE SPEAKER: 700 in its present condition.

THE COURT: Okay. All right. And, of course, we realize that the estate is going to have certain priority expenses, court costs, attorneys' fees, all those things coming out of it. Right?

MR. GRIFFIN: Correct.

---

[7] The reasonableness of the attorney's fees and costs was not contested.

[8] As the Tennessee Supreme Court has explained, "statements and arguments of counsel are neither evidence nor a substitute for testimony." *Elliott v. Cobb*, 320 S.W.3d 246, 250 (Tenn. 2010).

THE COURT: Were there any claims against the estate other than the claim that we're dealing with here today?

MR. GRIFFIN: There's one small remaining one.

THE COURT: All right. So . . . who all are the beneficiaries of the estate?

MR. GRIFFIN: It's Mrs. Roseman, who's here today, and Philip Roseman's two -- two of Mr. Roseman's surviving children, two of the three.

THE COURT: Okay. All right. Because there was Hal and two other children.

MR. GRIFFIN: Correct.

It is undisputed that the only asset in the Trust was the home of Philip Roseman. However, no evidence was offered as to the approximate value of the home. The Trustee asks this Court to find that the trial court abused its discretion in declining to assess the fees against the Estate and Mrs. Roseman. However, the Trustee never introduced proof of the value of either the Trust or the Estate, nor the impact which assessment of fees against either would have on the beneficiaries.[9] Further, both in his motion and at the hearing, Trustee argued that the assessment of fees against the Trust would be an appropriate alternative form of relief. Contrarily, Trustee argues in this appeal that, based upon the facts the trial court could have only reached one reasonable conclusion: "that the value of the Trust should not be diminished as a result of unnecessary litigation," and that the fees should be assessed against the estate and Jean Roseman.

Trustee maintains the position that the Trust should not be diminished in value because he was required to defend lawsuits that yielded the same results that would have occurred had the lawsuits not be filed. Additionally, he asserts it would be an injustice to the beneficiaries of the Trust to assess the fees to the Trust.[10] This Court rejected a similar argument by a Trustee in *Morrow,* 2011 WL 334507, and affirmed the trial court's denial of the Trustee's motion for attorney's fees and costs. In *Morrow*, the Trustee argued that the trust's payment of the trustee's attorney fees would be unfairly detrimental to its charitable beneficiaries. This Court was not persuaded, and emphasized the trial court's discretion in the award of attorney's fees under Tennessee Code Annotated section 35-15-1004(a).

_____

[9] In fact, the only statement as to value was a spontaneous statement from an unidentified speaker who was not a witness at the hearing.

[10] Hal Roseman and his descendants were named as beneficiaries in the Trust.

- 8 -

We reiterate that "[a] trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge,* 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley,* 6 S.W.3d 243, 247 (Tenn. 1999)). Furthermore, "if a discretionary decision is within a range of *acceptable alternatives*, we will not substitute our judgment for that of the trial court simply because we may have chosen a different alternative." *In re Estate of Schorn*, No. E2013-02245-COA-R3-CV, 2015 WL 1778292, at *6 (Tenn. Ct. App. Apr. 17, 2015) (citing *White v. Vanderbilt Univ.,* 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)) (emphasis added). In its oral ruling, the trial court addressed all arguments raised by counsel during the hearing, and obviously considered the merits of each. Based on the record, we cannot find that the trial court abused its discretion in its ruling on the assessment of fees.[11] Accordingly, we affirm the decision of the trial court as to the issue of attorney's fees.

### B. Attorney's Fees on Appeal

As a final issue, both the Trustee and Mrs. Roseman request an award of attorney's fees and expenses incurred on appeal. The Trustee maintains the position that he should be awarded the fees in accordance with Tennessee Code Annotated section 35-15-1004(a). Mrs. Roseman argues that the appeal is frivolous, entitling her to damages, including attorney's fees and expenses, pursuant to Tennessee Code Annotated section 27-1-122. "Under either statute, the determination of whether such an award is warranted on appeal is within the sound discretion of this Court." *Cartwright v. Jackson Capital Partners, Ltd. P'ship*, 478 S.W.3d 596, 628 (Tenn. Ct. App. 2015). Exercising our discretion, we respectfully decline to award attorney's fees and expenses to either party.

### IV. CONCLUSION

For the aforementioned reasons, we affirm the decision of the trial court and remand for further proceedings as may be necessary. Costs of this appeal are taxed to Hal Roseman as Trustee of the Philip Roseman 2012 Irrevocable Gift Trust, for which execution may issue if necessary.

_____
CARMA DENNIS McGEE, JUDGE

---

[11] "The burden is on the parties to produce competent evidence . . ., and the parties are bound by the evidence they present." *See generally Clayton v. Clayton*, No. W2007-01079-COA-R3-CV, 2008 WL 2122332, at *9 (Tenn. Ct. App. May 21, 2008) (quoting *Koch v. Koch,* 874 S.W.2d 571, 577 (Tenn. Ct. App. 1993)).