FILED

02/27/2026

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 18, 2025 Session

**KIMBERLY P. URQUIA v. ERIC D. NEAL**

**Appeal from the Circuit Court for Shelby County**
**No. CT-4579-22     Cedrick D. Wooten, Judge**

_____

**No. W2024-01842-COA-R3-CV**
_____

VALERIE L. SMITH, J., dissenting.

I agree with the underlying facts of this dispute as stated in the majority opinion. I disagree with the trial court and the majority in their application of Tennessee Code Annotated section 56-17-1206 ("UM statute"). My disagreement is two-fold. First, the trial court should not have looked any further than the plain language of section (d) of the UM statute. Second, although I would hold section (e) of the UM statute inapplicable here, I also take issue with the trial court's findings that led to its grant of summary judgment under section (e).

1.  <u>The plain language of the UM statute triggers coverage here.</u>

In my view, section (d) of the UM statute was automatically triggered by the stamp on the summons, which unequivocally and without dispute states "**NOT TO BE FOUND AFTER DILIGENT SEARCH AND INQUIRY.**" The pertinent section of the UM statute at issue states:

> (d) In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "**Not to be found in my county**," or words to that effect, or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, **the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient** for the court to require the insurer to proceed as if it is the only defendant in the case.

Tenn. Code Ann. § 56-17-1206(d) (emphasis added). The crux of the argument by the Appellee, the uninsured motorist carrier, is that their duty under the statute is not triggered

because notations were made on the summons by the process server that make section (d) inapplicable and that section (e) is then the applicable section. By agreeing with the uninsured motorist carrier, the trial court and the majority opinion impose a burden on the insurance company's customers that is not prescribed by the UM statute. While it might be customary to reissue an alias summons, I disagree with the majority's presumption that the legislature intended to impose a duty on drivers who have been in a collision with an uninsured motorists to interpret stray comments written on a summons.

Here the returned summons includes a notation that "he is not to be found in this County after diligent search and inquiry for the following reason(s): avoiding service/ said he would not cooperate." However, in this case, we are left with many questions. How are we to know how and from whom the process server obtained this information? Further, had the legislature intended to require the reissuance of a summons for an insured to avail themselves of their own coverage—it would have included that language in its revisions of the statute. *See BellSouth Telecommunications, Inc. v. Greer*, 972 S.W.2d 663, 673 (Tenn. Ct. App. 1997) ("When approaching statutory text, courts must also presume that the legislature says in a statute what it means and means in a statute what it says there.") (citations omitted).

Counsel for both sides correctly stated in oral argument before the trial court and this Court that there is no case directly on point, and the majority also finds none. However, difficulty pinning down an uninsured motorist is not a new concept. This very situation was addressed in the December 2025 update of Tennessee Automobile Liability Insurance. Paul Campbell III, Tenn. Automobile Liab. Ins. § 16:5, Missing or "hit-and-hide" Motorists (2025-2026 ed.) The update noted that the concept of a "hit-and-hide" motorist is not a new one, stating: "…a problem developed with so-called "hit-and-hide" motorists, who evaded process or who simply disappeared." *Id.* Prior to the amendments to the UM statute, an uninsured motorist could be left out in the cold without available coverage. "It is now absolutely clear that T.C.A. § 56-7-1206(d) takes precedence over Tenn. R. Civ. P. 3, and that the plaintiff need not continue to attempt service on the tort-feasor, provided the initial effort was properly issued to the last known address." *Id.*

Simply put, I would employ a plain reading of section (d) of the UM statute and end the analysis. However, if we are to consider legislative intent, I believe that is clear from the existence of the statute itself. There is nothing ambiguous in section (d), and neither this Court nor the trial court need to look further than the statute itself to determine legislative intent. To impose the additional duty required by the trial court and the majority places a new and additional burden on an injured party seeking to avail themselves of their own uninsured motorist coverage. It is the role of the General Assembly to determine whether more may be asked of an injured party in this situation, not the trial court or this Court.

2. <u>Review of Summary Judgment.</u>

The majority opinion correctly recites our standard of review on summary judgment. When reviewing this record and making my own "fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied," I cannot agree with the majority. *See Rye v. Women's Care Ctr. Of Memphis, MPLLC*, 477 S.W.3d 235,250 (Tenn. 2015). When "review[ing] all the evidence in the light most favorable to the nonmoving party and draw[ing] all reasonable inferences favoring the nonmoving party," I would reverse the trial court's grant of summary judgment. *See Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

The portion of the appellate record related to the trial court's grant of summary judgment consists of the statement of undisputed facts. The only fact at issue here involves the notation made by the process server. The following is set forth in Appellant's Response to Appellee's Statement of Undisputed Facts:

> 5. On or about February 4, 2023, Plaintiff's original Summons to Defendant Neal was returned to the Court unserved, with the private process server certifying that the summons was not served because Defendant Neal was "avoiding service/ said he would not cooperate 9012627602."
>
> Response: Denied and disputed. Plaintiff's original service was returned marked "NOT TO BE FOUND AFTER DILIGENT SEARCH AND INQUIRY", as required for purposes of Tenn. Code. Ann §56-7-1206(d). (Exhibit C, p. 1).

Upon motion for summary judgment by Appellee, the trial court in its order stated that section (d) of the UM statute is "inapplicable to the matter at hand as Defendant Eric D. Neal was at his residence, he simply would not accept service." The trial court's order further states:

> The inapplicability of T.C.A. § 56-7-1206 (d) is further confirmed by section (e), which provides that "[i]n the event the uninsured's (sic) motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist… the case may proceed against the uninsured motorist as if the motorist was served with process in the first instance." When these two sections are read in conjunction, the intent is clear that section (d) is applicable for defendants who are not to be found at their residence. As established, Defendant Neal was found at his residence, he simply refused to accept service[,] and no further attempts were made.

The majority's opinion hinges on the trial court's finding that the named defendant was "found" and evading service. Though I would hold that whether the named defendant was evading service has no bearing on the ultimate analysis of the issue before us, I put

forth my disagreement with the trial court's finding for the sake of completeness. The trial court's "finding" is supported by only the process server's notation stating, "he is not to be found in this County after diligent search and inquiry for the following reason(s): avoiding service/ said he would not cooperate." Again, we are left with questions. How are we to know how this information was obtained? Did a neighbor tell him? Was he thought to be at home and if so, why? Was he called on the phone by someone at the address and that is how the phone number appeared in the note? An endless number of scenarios could lead to the notation being made. The notation on its own simply does not support the trial court's factual determination that the named defendant was evading service, particularly when the court was "required to review the evidence in the light most favorable to the nonmoving party and to draw all reasonable inferences favoring the nonmoving party." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn 2008). Indeed, a further review of the record reveals that at the motion hearing defense counsel stated "We don't know who was in that house for sure. He may have been in that house. He may not have been." Despite that statement and with only the process server's notation, the trial court stated in his oral ruling "They—they knew his whereabouts. And "[h]e's evading service." It is well settled that arguments made by counsel are not evidence *Elliot v. Cobb*, 320 S.W.3d 246, 250 (Tenn. 2010) (citation omitted). I do not argue that these statements are evidence, only that these statements by counsel and the trial judge highlight the lack of evidence to support the trial court's "finding" and ultimate ruling.

Finally, I note that the majority opinion states that the trial court's "finding" that Defendant was at home was not challenged, and the only issue presented is whether Appellant fully complied with section (d) of the UM statute. Respectfully, whether the trial court was correct to skip past section (d) to section (e) is part and parcel of this analysis and in my view at issue in this appeal. I do not minimize the "finding" as suggested in the majority, but see the issue presented broadly enough to include its review. As stated above, even if the named defendant was evading service of process, the UM statute was automatically triggered by the plain language contained in section (d).

### Conclusion

Because my analysis would stop with section (d) of the UM statute as written, I would reverse the judgment of the trial court. I do not agree that the trial court's finding that the named defendant was evading service is supported by the record. Therefore, I respectfully dissent.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE