IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 3, 2025

## IN RE THE CONSERVATORSHIP OF MARK T. YOUNG, ET AL. v. MARK T. YOUNG

**Appeal from the Chancery Court for Hamilton County**
**No. 24-G-056    Pamela A Fleenor, Chancellor**

———————————————————

**No. E2025-00120-COA-R3-CV**

———————————————————

This appeal concerns the trial court's award of attorney's fees in a conservatorship action. Discerning no reversible error, we affirm as modified.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified and Remanded

VALERIE L. SMITH, J., delivered the opinion of the court, in which D. MICHAEL SWINEY and W. NEAL MCBRAYER, JJ., joined.

Michael M. Thomas; W. Neil Thomas, III; Seth Wilson; and Melody Shekari, Chattanooga, Tennessee, for the appellant, Mark T. Young.

Trevor F. Atchley and Fielding H. Atchley, Jr., Chattanooga, Tennessee, for the appellee, Bonnie Y. Davidson.

**MEMORANDUM OPINION[1]**

## I. BACKGROUND AND PROCEDURAL HISTORY

This appeal arises from a conservatorship proceeding in the Chancery Court for Hamilton County ("the trial court"). The interested parties in this appeal are the several attorneys who represented Mark T. Young ("Respondent") in his successful challenge of the conservatorship action, Seth Wilson, Michael M. Thomas, and W. Neil Thomas (together, "Attorneys"), and their law firms, Thomas & Thomas and Wilson & Wilson (together, "the Firms"; collectively "Appellant[2]"). Appellee Petitioner submitted a one-page appellate brief stating that she takes no position on the issues presented by Appellant. The issues raised on appeal relate to the trial court's award of attorney fees.

The background facts relevant to our review are largely procedural in nature. In April 2024, Petitioner filed a petition seeking the appointment of an emergency and permanent conservator for her father, Respondent. The trial court granted the emergency petition and, following a hearing on May 2, entered an order continuing the emergency conservatorship and appointed a guardian ad litem and an attorney ad litem.

Respondent challenged the conservatorship and, in June 2024, Respondent and Attorneys filed a motion to substitute counsel with the agreement of the attorney ad litem. By order entered June 7, the trial court granted the motion. The matter was set to be heard on July 24, 2024. However, by agreement of counsel, by order entered on July 22 the final hearing was postponed to September 26 "due to the difficulty of the Respondent's scheduling an independent evaluation by a psychiatrist."

In the meantime, Respondent was served with a petition for divorce and, following a hearing on July 7, by order entered July 10 the trial court permitted Petitioner to retain John. R. Meldorf to represent Respondent in the divorce action in Bradley County. In its order, the trial court stated: "The issue of which party in the divorce proceeding will be responsible for attorney's fees of the wife and husband [Respondent] shall be determined

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] We refer to both Attorneys and Mr. Young as Appellants. In this somewhat unusual matter, we note that while the positions argued are for the benefit of Attorneys, Mr. Young is the interested party in the underlying conservatorship action.

by the Bradley County Chancery Court." Additionally, over the course of the proceedings, the trial court entered several orders granting Petitioner's motions to severely limit Respondent's financial capabilities and freeze his credit. On October 31, Respondent's daughter withdrew as emergency conservator and attorney Rebecca Siera Woods agreed to serve as conservator.

The permanent conservatorship hearing was held on September 26, October 10, and November 5, 2024. On October 11, Thomas & Thomas filed a motion for attorney's fees and expenses in the amount of $29,572.50 for the services of W. Neil Thomas and Michael M. Thomas. The trial court set a hearing for November 14 to orally rule on the conservatorship petition from the bench. Only Mr. Wilson appeared for Respondent, and all counsel waived closing argument at the hearing.

In its oral ruling, the trial court noted that Petitioner was a "reluctant participant" who had "done the right thing throughout the case." The court found that Respondent's repeated telephone calls to Petitioner had precipitated her emergency petition. The court recited the content of some of those calls and noted that Respondent had made impulsive purchases. The trial court noted that a physician's March 26, 2024, sworn medical exam established that Respondent has Bipolar I disorder and was experiencing a manic episode that was sufficient to warrant an emergency conservatorship. The trial court also found that a subsequent evaluation by another physician six months later established that: 1) Respondent had stopped taking his medication; 2) Respondent was now stable; 3) Respondent was not disabled or impaired; 4) Respondent did not require assistance. The physician also opined that there was no indication that Respondent was cognitively impaired and that manic episodes can stabilize over time without medication. The trial court determined that, notwithstanding Respondent's seemingly "irrational" purchases and actions, there was not clear and convincing evidence to establish that Respondent was disabled and in need of assistance at the time of the hearing.[3] The court therefore determined that, under Tennessee Code Annotated section 34-1-126, a conservatorship was not warranted. Accordingly, the trial court ruled that the conservatorship would be terminated but the case would not be dismissed until all the fees were paid.

In its November 14 oral ruling, the trial court also advised the attorneys involved in the case to file their motions and affidavits for fees and stated: "However, the court is only going to allow one attorney for the petitioner – one attorney's fees for petitioner, one for the respondent, and, of course, the GAL." The court left it to the attorneys to decide "how [they were] going to split or divide it." The court asked whether there were any questions regarding its rulings and Mr. Wilson replied: "No, your Honor."

---

[3] The trial court also noted the physician's statements that 1) a person can make an irrational decision and not need a conservator and 2) what may seem like an irrational purchase to one person may not seem irrational to another.

On November 22, Thomas & Thomas filed an amended motion for attorney's fees related to representation of Respondent in the amount of $34,842.50 and expenses in the amount of $300.00. On November 25, Wilson & Wilson sought attorney's fees related to Mr. Wilson's representation of Respondent in the amount of $14,905.00; Petitioner's counsel filed a motion for final compensation seeking attorney's fees in the amount of $47,450 and expenses in the amount of $1,788.80. On November 26, the guardian ad litem filed an affidavit of time and expenses and sought attorney's fees in the amount of $12,300.93 and expenses in the amount of $30.93.

On November 26, the trial court entered a written order on its oral ruling, incorporated its oral ruling by reference, and attached the transcript of the November 14 hearing to its written order. The trial court found that Petitioner had acted appropriately as fiduciary for her father and found all the trial witnesses to be credible. The trial court terminated the emergency conservatorship, restored Respondent to all rights, ordered the emergency conservator to return all assets to Respondent, and ordered Petitioner to file an accounting with the court. The court found that the attorney ad litem was entitled to reasonable attorney fees in the amount of $2,954.44 to be paid by Respondent. The court stated that "the remaining attorneys' fees will be determined subsequently at a hearing upon motion supported by a fee affidavit."

Following a hearing on December 13, by order entered December 23, 2024, the trial court reiterated its oral ruling limiting the number of attorneys who would be entitled to fees. It also determined that, under Tennessee Code Annotated section 34-1-114, one attorney per party was reasonable. After considering the factors provided by Tennessee Supreme Court Rule 8, the court found that "the amount of the fees involved for both parties for those individual attorneys, when compared to the results obtained, was too high and the issues was neither novel nor complex." The court "reduce[d] the fees submitted by the individual attorney selected for each side by an additional ten percent."

In its December 23 order, the court addressed the argument by Respondent's counsel that its fees were not subject to the statute and found that, "when applying the least restrictive alternative test," Respondent had the right to request his own counsel. The court further determined that Tennessee Code Annotated section 34-3-106(5) "only allows a respondent to have an attorney ad litem appointed." The court concluded:

> [Respondent] did not possess the authority to enter into a contract with Wilson and Wilson and Thomas and Thomas pursuant to this Court's order entered May 3, 2024. Accordingly, this Court finds it retains the power to determine the reasonableness of the attorney's fees and costs for the adversary counsel, pursuant to T.C.A. § 34-1-114.

The trial court also addressed counsel's argument that Respondent reaffirmed his contracts with the Firms after termination of the emergency conservatorship and, therefore,

possessed the authority to determine whether to pay counsel in full notwithstanding any order of the court. The court found that, in addition to the conservatorship case, a divorce case was pending in Bradley County, a receivership case was pending in Hamilton County, and the amount requested by attorneys would dissipate assets due in those cases. The court also determined that Respondent "did not possess the ability to contract with [the Firms] and, therefore, he cannot affirm a contract he could not enter into on the grounds that the right to contract was removed from him" by the court's May 2024 order. The court held that one attorney for Respondent and one for Petitioner was entitled to fees. It awarded Petitioner's counsel attorney fees in the amount of $42,705.00 and expenses in the amount of $1,788.80 to be paid from Respondent's assets. The court awarded Thomas & Thomas fees in the amount of $16,344.00 and costs in the amount of $300.00, also to be paid from Respondent's assets. The court denied Wilson & Wilson's request for fees and costs "as a separate fee," but stated that Mr. Wilson could request fees from the award to Thomas & Thomas. Appellant filed no post-judgment motions. The trial court entered its final order in the matter on January 13, 2025, and this appeal ensued.

## II. ISSUES PRESENTED

Appellant presents three issues for our review, as stated in its brief:

1. Does the Appellant possess the power to retain private counsel during a contested conservatorship case?

2. Does the Trial Court possess the power to limit the number of counsel that represents the Appellant during a contested conservatorship?

3. Does the Court possess the power to prevent the Appellant from affirming his contract with his attorneys after the Trial Court ruled that the Petition failed to establish the Appellant was disabled?

## III. STANDARD OF REVIEW

This is a non-jury case. Accordingly, our review of the trial court's findings of fact is *de novo* upon the record with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 512 (Tenn. 2012). The evidence preponderates against the trial court's findings of fact when it supports another finding "with greater convincing effect." *Hardeman Cnty. v. McIntyre*, 420 S.W.3d 742, 749 (Tenn. Ct. App. 2013) (citation omitted). Appellate review of a trial court's conclusions of law is *de novo* with no presumption of correctness. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).

# IV. ANALYSIS

We begin our discussion by noting that, pursuant to Rule 24(d) of the Tennessee Rules of Appellate Procedure, Appellant filed notice that no transcript would be filed. Appellant also has not filed a statement of the evidence. "When no transcript or statement of the evidence is included in the record on appeal, we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct. *J.C. Bradford & Co. v. Martin Constr. Co.,* 576 S.W.2d 586, 587 (Tenn. 1979).

We also observe that, as noted above, Appellant did not file any post-judgment motions in the trial court, and the record contains no exhibits. Therefore, our review of the content of Appellant's arguments at trial with respect to the issues raised on appeal is limited to the trial court's recitation of those arguments in its December 2024 order. To wit:

> 1) "Counsel for the Respondent argues that its *fees* are not subject to the statute on the grounds that [Respondent] hired adversary counsel to challenge the Conservatorship." (emphasis added). This finding included a footnote stating: "T.C.A. § 34-1-101(1) defines 'adversary counsel' as, 'a private lawyer hired by a respondent to represent the respondent's interest.'"
>
> 2) "Counsel for the Respondent further argued that [Respondent] affirmed his contract with Wilson & Wilson and Thomas & Thomas after the termination of the emergency conservatorship and therefore possesses the authority to determine if he wishes to pay his counsel in full despite any order of this Court."

We additionally note that it is well-settled that issues not raised in the trial court generally may not be raised for the first time on appeal. *In re Aliyah C.*, 604 S.W.3d 417, 419 (Tenn. Ct. App. 2019) (citation omitted). Similarly, arguments not asserted at trial are considered waived on appeal. *Devorak v. Patterson*, 907 S.W.2d 815, 816 (Tenn. Ct. App. 1995). Additionally, under Rule 36 of the Tennessee Rules of Appellate Procedure, this Court is not required to grant relief to a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Further, under Rule 6 of the Rules of the Court of Appeals, an appellant's brief must contain, in relevant part:

> (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

Tenn. R. App. Ct. 6(a)(2).

Finally, we reiterate that the transcript of the trial court's November 14 oral ruling reflects that, after ruling that each side would be limited to fees for one attorney, the trial

court asked counsel whether there were any questions regarding its ruling, and counsel replied "No." As noted above, the record does not contain a transcript of the December 13 hearing on attorney's fees, nor does it contain a statement of the evidence regarding that hearing.

With these observations in mind, we turn to the issues raised by Appellants.

### Issues One and Two

As noted above, Appellant failed to question the trial court about its ruling when given the opportunity to do so at the November 14 hearing. Additionally, despite the trial court's ruling a month earlier, Appellant did not cause a transcript to be made of the December 13 hearing and did not seek a statement of the evidence. Without a statement or transcript, we cannot ascertain or review arguments made during the hearing. *See In re Estate of Bonifield*, No. W2020-01593-COA-R3-CV, 2022 WL 668426, at *4 n.3 (Tenn. Ct. App. Mar. 7, 2022). Further, as noted, Appellant filed no motions after either the November 14 or December 13 hearings seeking to challenge the trial court's ruling. As a result, in its brief, Appellant does not point us to anything in the record to demonstrate that Appellant took "whatever action was reasonably available to prevent or nullify the harmful effect of an error."

Notably, the trial court did not prevent Respondent from retaining private counsel of his choice. Rather, the trial court limited the number of attorneys entitled to fees. Additionally, we observe that the trial court reviewed the fees submitted by counsel to determine whether they were reasonable after considering the factors set forth in Rule 8 of the Tennessee Rules of the Supreme Court, Rule 1.5 of the Rules of Professional Conduct, as the court was required to do. *See Ellis v. Ellis*, 621 S.W.3d 700, 708 (Tenn. Ct. App. 2019) (citation omitted) ("[A] trial court evaluating the reasonableness of an award of attorney's fees must consider the factors provided in Tennessee Supreme Court Rule 8, RPC 1.5."). The trial court determined that attorney fees in the amount of $16,344.00 were reasonable. Although the court awarded those reasonable fees to Thomas & Thomas, it noted that Mr. Wilson could seek a portion of fees from Thomas and Thomas. In essence, the trial court determined that fees in the amount of $16,344.00 were reasonable and permitted the attorneys and the firms to split them as they saw fit.[4]

---

[4] We note that whether fees should have been awarded to Respondent was not challenged by Appellee. We express no opinion as to the propriety of this fee award. *See In re Conservatorship of Childs*, M2008-02481-COA-R3-CV, 2011 WL 51740 at *7 (Tenn. Ct. App. Jan. 5, 2011).

In short, the record does not establish that the trial court prevented Respondent from choosing his legal counsel. More significantly, the Firms failed to create or preserve a record to indicate what arguments they proffered to challenge the trial court's November ruling despite adequate opportunity to do so. Additionally, the trial court did not prevent any of the attorneys from participating in this matter. Rather, the essence of the court's ruling was that awarding the amount of fees requested by three attorneys and two firms was not reasonable. In short, the trial court exercised its discretion to charge only some of the fees "against the assets of the respondent." See Tenn. Code Ann. § 34-1-132 (c). Additionally, nothing in the court's ruling prevented the Attorneys or the Firms from splitting the award proportionately. Indeed, the trial court suggested that they might do so. Further, Appellant did not raise the issue of whether the trial court erred in its assessment of reasonable fees in the Statement of the Issues section of its appellate brief. An issue not raised in an appellant's statement of the issues is considered waived even if argued in the argument section of the brief. *Lee v. Vanderbilt Univ.*, No. M2024-00603-COA-R3-CV, 2025 WL 2491121, at *12 (Tenn. Ct. App. Aug. 29, 2025), *appeal denied* (Jan. 14, 2026).

### Issue Three

We turn next to Appellant's argument that the trial court erred by preventing Respondent from reaffirming his contracts with the Firms. The trial court's December 30, 2024, states in part "The Court also finds that [Respondent] did not possess the ability to contract with Wilson & Wilson and Thomas & Thomas, and therefore, he cannot affirm a contact he could not enter into on the grounds that the right to contract was removed from him by those Court's May 2, 2024, [o]rder." Tennessee Code Annotated section 34–1–132 (c) states "[a]ppointment of an emergency guardian or conservator, with or without notice, is not a determination of the respondent's incapacity." On this point we agree with Appellant. Respondent was able to contract with the Firms.

The question then becomes whether there is proof in the record of such a contract to enforce. In its brief, Appellant asserts: "Each of Respondent's attorneys should be permitted to receive payment for work performed during the successful defense of the conservatorship." In footnote 3 of its brief, Appellant asserts that "Counsel discussed the award of attorney fees with their client" and "[Respondent] feels his attorneys should be paid for their efforts." Respectfully, assuming this statement to be true, it does not indicate that Respondent sought to "reaffirm" a contract made while the emergency conservatorship was in place. Indeed, the record contains no contract, much less one that was "reaffirmed." Further, as noted, the trial court's order does not prevent Attorneys from sharing what the court determined was a reasonable fee after considering the relevant factors mandated by the Rules of Professional Conduct.

Significantly, the trial court did not find that Respondent sought to reaffirm any contract, but only that Appellant so argued. Additionally, notwithstanding Appellant's arguments in the trial court or in footnotes to Appellant's brief, statements and arguments made by counsel are not evidence. *Elliot v. Cobb*, 320 S.W.3d 246, 250 (Tenn. 2010) (citation omitted). The court found that Respondent was prevented from "reaffirming." We agree with Appellants that, after terminating the emergency conservatorship, the court lacked the authority to restrict Respondent from affirming agreements with his attorneys. However, upon review of the record, we find no evidence to demonstrate that Respondent in fact sought to "reaffirm" any contract with the Firms. Appellant had ample opportunity to present such evidence and failed to do so. Because we reach the same conclusion as the trial court- albeit for a different reason- we affirm the trial court's order as modified herein.

## V. CONCLUSION

In view of the foregoing, the judgment of the trial court is affirmed. Costs on appeal are assessed against Appellant, for which execution may issue.

s/ Valerie L. Smith
VALERIE L. SMITH, JUDGE